Smith, J.
Peale Bro. sued the Board of Education to recover an amount claimed to be due it, and defendant denied the liability. At the trial of the case the Superior Court at a special term made a special finding of facts, and of law, and rendered a judgment for the defendant, and this proceeding is prosecuted to reverse such judgment.
The finding is a very lengthy one, but I will endeavor to state the substance of it so far as it is materal to do so. In 1888 a contract in writing was made between Laubbert and another, and the Board of Education, for the painting and glazing of one of the school buildings, at the price of $1589.00, and the price was to be paid on estimates made by the Superintendent of Buildings, as the work progressed. That Peale & Bro. gave a bond for the due performance of the contract by the contractors. Soon after the contract j one of the contractors abandoned the contract, and Laubbert, with the consent of the defendant, continued the work under the contract, and received the first installment thereon, and receipted for the same. Soon after this Laubbert abandoned the performance of the contract, being then largely indebted to Peale & Bro. for materials furnished him to do the work, and the defendant notified the sureties that unless the work was proceeded with they would be held liable; that thereupon Peale &Bro. procured from Laubbert a paper addressed to the defendant, whereby in consideration of $800.00 in merchandise furnished, and completion of the unfinished work on the school house, ‘ ‘I hereby assign all my rights and interests in said contract for painting, glazing and varnish-J' ing said school house (before described) to Peale & Bro.;”] and on the same day, February 10, 1890, Peale & Bro. filed] this paper with the clerk of tho Board of Education, at the; office of the Board, and thereafter proceeded to finish the\ work, which was duly accepted by the proper officer, thelj Superintendent of Buildings, who also, on February 10, *268 1890, was notified by plaintiffs of said assignment, which was shown to him, and he was notified by Peale & Bro. to make no further payments on said contracto Laubbert. That in fact the paper was never laid before the Board at any meeting, by plaintiff, the clerk or said superintendent, and no formal act of transfer of the contract was ever made by any vote of the Board or building committee. But the clerk was the recording officer of the Board, and always kept the account in the name of Laubbert, and drew the warrants subsequently paid to Peale & Bro., in the name of Laubbert.
On February 19, 1890, Peale & Bro. filed with the clerk of the Board an order addressed to the Board, and signed by Laubbert, authorizing Peale & Bro. to receipt for the amounts due under the contract, and Peale & Bro. indorsed on it a memorandum to the clerk, asking to hold the order for them and that they would see that the receipt was signed by Laubbert, and the clerk indorsed thereon: “Look out for garnishee”- — -. After another installment became due on the contract, viz: in March 1890, a creditor of Laubbertsued him before a Justice of Peace, to which suit-Peale & Bro. were not parties, and of which they had no knowledge until after the payment of $60.25 by the Board, which was garnisheed in the cause, and a like-payment was made by it in another garnishment proceeding against Laubbbert, to which Peale & Bro. were not parties, and of which they had no knowledge until after such payment. The amount of this was $145.63. In the vouchers which were subsequently made out in the name of Laubbert, and which were signed “H. H. Laubbert per W. C. Peale & Bro.” those payments so made in the two suits were deducted, but in the final estimate and warrant, Peale & Bro. refused to acknowledge the validity of said payments, and sued for the amount of such two payments which they claim to be still due and unpaid to them.
Robert Fulton, for Plaintiff.
Corporation Counsel, for Defendant.
On this state of fact,if the Board of Education was warranted in making such payments on the garnishee process, the judgment was right. If not, the plaintiffs were entitled to recover.
We are of the opinion that the Board did not have such right. The contract and all rights under it were assigned to Peale &Bro., and the Board of Education was duly and ‘ legally notified thereof, and in fact accepted them, though not! formally, as the contractors, by dealing with them as such.! The fact that.the receipts were signed in the way they were' signed was a matter of no consequence. When the rights of Laubbert therein were assigned to Peale & Bro., and due notice thereof given, the Board could only pay to Laubbert or a creditor of his, even if garnisheed, at its peril. Its duty was, when so garnisheed, to file an answer settingup the facts in the case, and if this had been done, no order could properly have been made for any payment by them. But they did not even notify Peale & Bro. To deprive the latter of the benefit of the assignment under these circumstances would be manifestly unjust, and as we think, is not warranted by the law.
The judgment will therefore be reversed, with costs, and rendering the judgment the trial court should have rendered, there will be a judgment for the plaintiffs for the amount shown on the pleadings and findings to be due to them.